Standley vs. Harrison.

CHARLES STANDLEY, plaintiff in error, vs. WILLIAM HARRISON, late Sheriff, defendant in error.

A Sheriff who is in custody, under an order of Court, for failing to pay over money collected by him, may avail himself of the benefit of the insolvent debtors' Act.

Application to take benefit of Honest Debtors' Act; from Randolph county. Tried before Judge KIDDOO.

William Harrison was attached for failing to pay over money which had been collected by him as Sheriff. He filed his schedule, and made application to the Court to take the benefit of the honest debtors' Act, and the Court permitted him to take the benefit of the Act. Whereupon, the counsel for Standley excepted, and assigns error.

W. C. PERKINS, for plaintiff in error.

G. L. BARRY, for defendant in error.

*By the Court.*—LUMPKIN J. delivering the opinion.

The only point in this case is, whether a Sheriff who is in

custody, under an order of Court, for failing to pay over money in his hands, can avail himself of the benefit of the insolvent debtors' Act.

In the case of *Chipman vs. Barron*, 2 *Ga. Rep.* 220, this Court was inclined to the opinion that he could. The same view was incidentally expressed in the case of the *Sheriff Stephens.* 1 *Kelly*, 590.

The imprisonment is for a two-fold purpose; by way of punishment for the contempt of the officer, in failing to discharge his official duty; and a remedy to the party, to coerce the payment of the money. It is competent for the Court to remit the punishment, by ordering the imprisonment to be discontinued, whenever the Sheriff purges himself of the contempt; and then becoming, as it does, a mere private remedy for the benefit of the creditor, the debtor is entitled to be relieved, as well against this debt as any other; otherwise, his imprisonment would be perpetual. 1 *Bailey's S. C. Reports*, 605.

Judgment affirmed.